```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA            :
                                    :          07 Cr. 003 (BSJ)
            v.                      :
                                    :          **Opinion & Order**
HISAN LEE                           :
                                    :
                    Defendant.      :
                                    :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Defendant Hisan Lee ("Defendant") moves for an *in camera* inspection of grand jury minutes to ensure that the integrity of the grand jury proceeding was not impaired. Defendant asserts that a document received in discovery indicating that Defendant was in possession of ammunition or ammunition components that were recovered from a crime scene provides reason to believe that the grand jury was misled into thinking there was a connection between Defendant and the Bunny Campbell murder. If the grand jury was misled, Defendant argues, the appropriate remedy is dismissal of the Indictment. In opposition, the Government argues that an alleged error in a single document does not justify examining the grand jury minutes and there is no allegation that this document was presented to the grand jury or that it affected the grand jury process.

    "There is a tradition in the United States . . . that proceedings before a grand jury shall generally remain secret." In re Petition of Craig, 131 F.3d 99, 101 (2d Cir. 1997). A

defendant seeking disclosure of grand jury materials must show a "particularized need" that outweighs the presumption of secrecy. United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1978). Federal Rule of Criminal Procedure 6(e) codifies this principle, providing that while most participants may not disclose a matter occurring before the grand jury, "[t]he court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

"A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990). As Defendant makes no such allegations here, nor provides any specific reason to believe that this document influenced the grand jury, the Court finds that Defendant has not demonstrated a "particularized need" for inspection that outweighs the presumption of secrecy. Accordingly, Defendant's motion for an *in camera* inspection of the grand jury minutes is DENIED.

SO ORDERED:

                                            Barbara S. Jones
                                            UNITED STATES DISTRICT JUDGE

New York, New York
February 18, 2010