```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :   07 Cr. 003 (BSJ)
          v.                        :   Opinion & Order
                                    :
HISAN LEE,                          :
SELBOURNE WAITE                     :
DELROY LEE, and                     :
LEVAR GAYLE,                        :
                                    :
                    Defendants.     :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Defendants Hisan Lee, Selbourne Waite, Delroy Lee and Levar Gayle (collectively "Defendants") have submitted a motion in limine to preclude the Government from introducing evidence of crimes and other acts committed by Defendants that are not charged in the Indictment. Having reviewed the Government's January 13, 2010 letter describing the acts the Government intends to introduce at trial, Defendants' motion in limine, and the Government's opposition to that motion, the Court rules as follows:

I. ACTS PREDATING THE FORMATION OF THE CHARGED RICO
           ENTERPRISE AND CONSPIRACIES

Hisan Lee and Delroy Lee object to the admission of evidence of acts committed prior to the formation of the charged RICO enterprise and conspiracies.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/10
```

"While the rules of evidence do not permit introduction of evidence to demonstrate propensity to commit a crime . . . [the Second Circuit] follow[s] the inclusionary approach to the admission of prior-act evidence" under which "evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity."  United States v. LaSanta, 978 F.2d 1300, 1307 (2d Cir. 1992) (internal quotation marks and citations omitted).  Thus, prior act evidence is admissible "to delineate the background details of a conspiracy--to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed."  Id. (internal quotation marks omitted).

Hisan Lee objects to the admission of evidence relating to a 1994 robbery which resulted in a conviction.  He also objects to related evidence of his possession of firearms.  Evidence of this robbery is background that explains the formation of the enterprise as well as the relationships between Hisan Lee, Andre Davidson and Bobby Saunders.  Thus, the evidence is admissible because it "delineate[s] the background details of a conspiracy" and "help[s] explain to the jury how the illegal relationship between the participants in the crime developed."  Id.  And

2

to the extent that cooperating witnesses committed crimes with Hisan Lee and other future members of the charged enterprise and conspiracies, their testimony is admissible as it explains the genesis of their relationships.  Id.

Delroy Lee objects to evidence of the commission of a burglary in October 1996.  This is admissible to demonstrate the early formation of the relationship among future members of the charged enterprise and conspiracies and Delroy Lee's relationship to the cooperating witness.

## II. ACTS OCCURRING DURING THE CHARGED RICO ENTERPRISE AND CONSPIRACIES

Defendants object to the admission of evidence about acts that occurred during the charged RICO enterprise and conspiracies as impermissible "other act" evidence.  In addition, Defendants contend that evidence of some conduct is unreliable and therefore a jury could not conclude that the Defendants were involved in the alleged conduct.  Defendants also assert that where the evidence of the commission of uncharged crimes is weak and unpersuasive, such evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 403.

"An act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an

3

"other" act within the meaning of [Federal Rule of Evidence] 404(b); rather, it is part of the very act charged." United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992); see also United States v. Bagaric, 706 F.2d 42, 64 (2d Cir. 1983) (overruled in part on other grounds) (explaining that "the Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy"). "Further, when the other-act evidence is relevant to prove a material fact other than the defendant's propensity, it is not barred by Rule 404(b)." Concepcion, 983 F.2d at 392. Thus, "evidence of uncharged criminal activity is not considered 'other crimes' evidence . . . if it arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) (alterations in original).

**A. Arrest of Hisan Lee on April 16, 1998**

Hisan Lee argues that the proof proposed by the Government is too weak to support the admission of evidence regarding the events leading to the arrest of Hisan Lee on April 16, 1998. Among other proof there will be testimony

4

from cooperating witnesses that Hisan Lee and two other co-conspirators were involved in a gunpoint robbery of marijuana. This testimony is probative of the charged RICO enterprise and the robbery and narcotics conspiracies. It is therefore not an "other act" within the meaning of Rule 404(b) and is admissible as part of the crime charged.

### B. Arrests of Hisan Lee and Andre Davidson on February 2, 2000 on DeKalb Avenue

Hisan Lee and Selbourne Waite argue that the proof proposed by the Government is too weak to support the admission of evidence regarding the arrests of Hisan Lee and Andre Davidson on February 2, 2000 on DeKalb Avenue.[1] Among other proof there will be testimony from cooperating witnesses and law enforcement officers that Hisan Lee and Selbourne Waite were cooking crack cocaine. This testimony is probative of the narcotics conspiracy and their participation in it. It is therefore not an "other act" within the meaning of Rule 404(b) and is admissible as part of the crime charged.

---

[1] Although the Government's original RICO enterprise letter named Hisan Lee and Andre Davidson, the Government has since supplemented this notice to include the presence of Selbourne Waite.

**C. Murder at the Flamingo Club on April 2, 2006**

Hisan Lee argues that the proof proposed by the Government is too weak to support the admission of evidence regarding the murder at the Flamingo Club on April 2, 2006. The Government has indicated that it is no longer seeking to admit evidence of this conduct at trial.

**D. January 11, 1997 arrest of Hisan Lee**

Hisan Lee argues that the proof proposed by the Government is too weak to support the admission of evidence regarding his January 11, 1997 arrest. The Government has indicated that it is no longer seeking to admit evidence of this conduct at trial.

**E. February 15, 2006 arrest of Hisan Lee**

Hisan Lee argues that the proof proposed by the Government is too weak to support the admission of evidence regarding his February 15, 2006 arrest. The Government has indicated that it is no longer seeking to admit evidence of this conduct at trial.

**F. August 29, 2000 arrest of Hisan Lee, Delroy Lee and Selbourne Waite in Virginia**

a. Hisan Lee. Hisan Lee objects to the introduction of evidence of his plea and conviction for his August 29, 2000 arrest in Virginia because his plea was made pursuant to North Carolina v. Alford, 400 U.S. 25 (1970)--i.e., he plead guilty without admitting that he was in fact guilty. The Government has requested that it be permitted to submit additional information and case law about why Hisan Lee's conviction and Alford plea should be admitted. Therefore, decision is reserved on this motion. The Government will not open on these facts.

b. Delroy Lee. Delroy Lee also objects to the introduction of evidence of his arrest on August 29, 2000 in Virginia. The Government has proffered that a cooperating witness will testify that Delroy Lee was aware that cocaine was in the vehicle. The evidence of Delroy Lee's arrest is admissible in light of the cooperating witness's expected testimony. The Court denies Delroy Lee's motion to admit evidence that all charges against him stemming from this arrest were disposed of by a *Nolle prosequi* disposition. It is well established that an acquittal or dismissal does not establish that a defendant was innocent of the charged offenses. See, e.g., United States v. Marrero-Ortiz, 160 F.3d 768, 775 (1st Cir. 1998) (noting that "cases are dismissed for a variety of reasons,

7

many of which are unrelated to culpability"). If either side wishes the Court to give an instruction on this point, the Court will consider it.

     **c.** <u>Selbourne Waite</u>.  Selbourne Waite also objects to the introduction of evidence of his arrest on August 29, 2000 in Virginia, principally because the charges against him were dismissed.  The evidence is highly probative of the narcotics and robbery conspiracies and should not be excluded because the charges were dismissed.  See <u>id.</u>

### G. January 9, 2003 robbery on Decatur Avenue

    Hisan Lee objects to the introduction of evidence concerning the January 9, 2003 robbery on Decatur Avenue. This is direct evidence of Hisan Lee and Levar Gayle's participation in the charged RICO enterprise and narcotics and robbery conspiracies.

### H. June 6, 2001 arrest of Delroy Lee, Hibah Lee, Selbourne Waite and another co-conspirator in Manhattan

    Delroy Lee and Selbourne Waite object to the admission of evidence regarding the June 6, 2001 arrest of Delroy Lee, Hibah Lee, Selbourne Waite, and another co-conspirator in Manhattan.  According to the Government proffer,

witnesses will testify that these Defendants were there to commit an armed robbery of a cocaine dealer. This evidence is admissible as proof of Defendants' participation in the charged RICO enterprise and conspiracies.

### I. August 9, 2005 recovery of firearms from Robert Morrison

Delroy Lee objects to the admission of firearms recovered from Robert Morrison when Morrison was arrested for robbery on August 9, 2005. The Court finds that this evidence has little, if any, probative value, and its value is substantially outweighed by the danger of unfair prejudice. Accordingly, this evidence is excluded. See Fed. R. Evid. 403.

### J. Ballistics evidence from two shootings on July 16, 2004 and July 30, 2004 in the area of DeKalb Avenue

Delroy Lee and Selbourne Waite object to the admission of ballistics evidence from two shootings on July 16, 2004 and July 30, 2004 in the area of DeKalb Avenue. For the reasons stated in the Court's ruling dated February 21, 2010, the Government is precluded from introducing evidence of these two shootings.

**K. July 3, 1997 arrest of Delroy Lee**

Delroy Lee objects to the admission of evidence of his July 3, 1997 arrest for possession of a firearm. The Government has indicated that it is no longer seeking to admit evidence of this conduct at trial.

**L. July 9, 1998 arrest of Delroy Lee for attempted burglary**

Delroy Lee objects to the admission of evidence of his July 9, 1998 arrest for attempted burglary. The proffered evidence is insufficiently probative and there is a substantial danger of unfair prejudice. Accordingly, evidence of this arrest is excluded. See Fed. R. Evid. 403.

**M. January 31, 1999 gunpoint robbery by Delroy Lee and Selbourne Waite at 3574 DeKalb Avenue**

Delroy Lee and Selbourne Waite object to the admission of evidence relating to the January 31, 1999 gunpoint robbery by Delroy Lee and Selbourne Waite at 3574 DeKalb Avenue. The Government has indicated that it is no longer seeking to admit evidence of this conduct at trial.

10

### N. June 22, 1998 sale of crack cocaine by Delroy Lee and June 5, 2000 sale of crack cocaine by Delroy Lee

Delroy Lee objects to the admission of evidence of the June 22, 1998 and June 5, 2000 sales of crack cocaine by Delroy Lee. Evidence that Delroy Lee was arrested twice for selling narcotics during the time period of the charged conspiracies and in the location of the charged conspiracies is highly probative. These sales tend to establish the existence of the narcotics conspiracy and Delroy Lee's involvement in it.

### O. August 22, 2005 Attempted Robbery

Selbourne Waite objects to the admission of evidence of the August 22, 2005 attempted robbery. According to the Government proffer, a cooperating witness will testify that these Defendants were en route to attempt to commit a gunpoint robbery of a drug dealer. This is admissible as proof of Defendants' participation in the charged RICO enterprise and conspiracies.

### P. Telephone conversation of Levar Gayle

Levar Gayle objects to the admission of evidence of a telephone call between himself and Lloyd Reid. The Court

has reserved decision on this motion.  The Government may not open with respect to this evidence.

### III. Risk of Unfair Prejudice, Misleading the Jury or Needless Presentation of Cumulative Evidence

Defendants contend that much of the evidence proffered by the Government should not be admitted because of its cumulative nature and potential for undue prejudice.  The Court has considered all of the proffered evidence discussed above in light of Federal Rule of Evidence 403 and, to the extent not discussed supra, the Court finds that the probative value of the evidence outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.

**SO ORDERED:**

*/s/ Barbara S. Jones*
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

New York, New York
February 22, 2010