UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>HISAN LEE,<br><br>               Defendant. | No. 07-CR-3 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Hisan Lee's motion, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release on account of the COVID-19 pandemic. (See dkt. no. 878.) The Government opposed the motion, (see dkt. no. 885), and Defendant replied, (see dkt. no. 889). Defendant also filed a supplemental letter related to his motion. (See dkt. no. 883.) For the reasons set out below, Defendant's motion is DENIED.

I. **Background**

The Court assumes the parties' familiarity with the facts of the case and will only give a high-level overview of pertinent background information.

In 2010, Mr. Lee, a long-time member of the violent "Dekalb Avenue Crew," was found guilty on all the counts charged against him, including charges of racketeering, robbery, and murder. (See dkt. no. 413.) In 2011, the Court sentenced Mr. Lee to a life sentence in prison plus 30 years. (See dkt. no. 500.) In 2016, Mr. Lee filed a direct appeal, and the Court of Appeals

affirmed Mr. Lee's conviction and sentence in all respects. (See dkt. no. 649.)

Defendant, who is 42 years old, is currently incarcerated at U.S.P. Pollack in Louisiana. (See dkt no. 878 at 2.) He states that he suffers from asthma and "various allergies which causes [sic] Hives and triggers a swelling of the lungs which induces [his] asthma as well." (Id. at 5.) Defendant argues that "[t]hese facts make [him] more susceptable [sic] to Covid-19 and serious health consequences." (Id. at 2-3.)

Defendant states that he submitted a request for compassionate release to the Bureau of Prisons on April 5, 2020. (See id. at 2; see also id. at 9-11 (Attachment B).) The Bureau of Prisons denied Mr. Lee's application on August 4, 2020. (See dkt. no. 885-1.)

II. **Applicable Law**

Defendant moves for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018).[1] Under that provision, the Court may reduce Defendant's sentence if it finds that (1) "extraordinary and compelling

---

[1] A defendant may bring such motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

2

reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant Guidelines policy statement--Section 1B1.13--counsels that a reduction also is not proper unless "[t]he defendant is not a danger to the safety of any other person or to the community."[2]

With respect to the "extraordinary and compelling reasons" requirement, the application notes to U.S.S.G § 1B1.13 provide three instances where such reasons may exist: (1) the Defendant has a terminal illness or serious medical condition that substantially diminishes his ability care for himself; (2) the Defendant is at least 65 years old, has served 10 years or 75 percent of his sentence, and is experiencing a serious age-related decline in health; or (3) the Defendant's family circumstances have changed such that the Defendant is the only available caregiver for a minor child or incapacitated spouse.[3]

---

[2] U.S.S.G. § 1B1.13; see also United States v. Jordan, No. 1:19-CR-478-GHW, 2020 WL 4195353, at *2 (S.D.N.Y. July 16, 2020) ("The relevant policy statement is U.S.S.G. § 1B1.13.").

[3] U.S.S.G. § 1B1.13 app. n.1(A)-(C). The application notes also allow a catchall condition where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the Defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at app. n.1(D).

3

Under the First Step Act, the Court may exercise its "discretion in determining what are extraordinary circumstances." United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). But a court's finding such circumstances merely permits a defendant's release--it does not mandate it. See, e.g., United States v. Ebbers, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020); United States v. Israel, No. 05-CR-1039 (CM), 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019). Ultimately, "[t]he defendant has the burden to show he is entitled to a sentence reduction." United States v. Lisi, 440 F. Supp. 3d 246, 249 (S.D.N.Y. 2020).

Moreover, even if the defendant establishes extraordinary or compelling circumstances, the Court must still consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include, inter alia, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; and (3) "the need for the sentence imposed ... to protect the public from further crimes of the defendant." Id. § 3553(a)(1)-(2).

4

## III. Discussion

Although Defendant has met the exhaustion requirement set out in the statute, the Court finds, for at least two reasons, that he has not demonstrated "extraordinary and compelling" circumstances warranting release.

First, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."[4] Releasing Mr. Lee will not eliminate his risk of contracting COVID-19. Moreover, the Court notes that the BOP has instituted a vaccination program for inmates, with staff and high-risk inmates to receive priority. (See dkt. no. 885 at 10.) The BOP has also undertaken numerous other steps to limit the spread of COVID-19 in its facilities. (See id. at 7-10.) These facts counsel against release.

And second, Defendant's asthma and "various allergies," while no doubt troublesome and uncomfortable, do not

---

[4] United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); see also, e.g., United States v. Delorbe-Luna, No. 18-CR-384 (VEC), 2020 WL 7231060, at *1 (S.D.N.Y. Dec. 7, 2020) ("[T]he general dangerousness of the ongoing COVID-19 pandemic alone is insufficient to establish extraordinary and compelling reasons justifying release."); United States v. Canales, No. 16-CR-0212 (LAK), 2020 WL 2319294, at *3 (S.D.N.Y. May 9, 2020) ("[W]hile the global health crisis itself is extraordinary, defendant in order to prevail must demonstrate that there are extraordinary and compelling reasons relevant to his own circumstances that warrant a sentence reduction.").

5

"substantially diminish[] the ability of [Mr. Lee] to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 app. n.1(A). Indeed, Mr. Lee has offered no indication that his medical conditions cannot be managed--or, for that matter, are not already well-controlled--through BOP-provided medical care.[5]

Moreover, even if Defendant had demonstrated extraordinary and compelling reasons warranting release--and he has not--the Court would still not exercise its discretion to release him. Releasing Mr. Lee would subvert at least three of the § 3553(a) factors: (1) reflecting the seriousness of the offense, (2) punishing the offender, and (3) protecting the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(1)-(2). Defendant's offense conduct could not be more serious--planning and carrying out two murders in furtherance of racketeering activity and narcotics conspiracy, in addition to numerous armed robberies. Defendant was intimately and directly involved in planning and carrying out that violence. And, as a longtime member of the DeKalb Avenue Crew, he has a criminal history dating back to his teens, including convictions for

---

[5] In any event, many courts have found that asthma, standing alone, is insufficient to constitute extraordinary circumstances. See, e.g., United States v. Ogarro, No. 18-CR-373-9 (RJS), 2020 WL 5913312, at *2 (S.D.N.Y. May 13, 2020) (collecting cases).

6

other armed robberies and narcotics distribution. (See dkt. no. 885 at 11 (citing PSR ¶¶ 194-204).) Reducing Defendant's life-plus-thirty-years sentence to some thirteen years would disservice the § 3553(a) factors that Judge Jones considered at sentencing.[6] The positive letters submitted in support of Mr. Lee's application cannot overcome the weight of those factors.

**IV. Conclusion**

For the reasons stated above, the Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [dkt. no. 878) is DENIED. The Clerk of the Court shall mail a copy of this order to Mr. Lee.

**SO ORDERED.**

Dated: June 8, 2021
New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge

---

[6] See, e.g., United States v. Credidio, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (denying, as inconsistent with § 3553(a) factors, compassionate release motion for reduction of sentence to home confinement for recently sentenced 72-year-old defendant where defendant had served only two months of a 33-month sentence).

7