UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>HISAN LEE,<br><br>                    Defendant. | No. 07-CR-3 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Hisan Lee's motion for reconsideration of the Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (See dkt. no. 907.) Mr. Lee has also filed two update letters regarding the COVID-19 circumstances at the facility where he is housed. (See dkt. nos. 908, 909.) For the reasons below, Mr. Lee's motion for reconsideration is DENIED.

    On June 28, 2021, Mr. Lee noticed an appeal of the Court's order denying his motion for compassionate release. (See dkt. no. 906.) Ordinarily, "a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); accord United States v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989). But even assuming the Court has jurisdiction, the Court will deny Mr. Lee's motion for reconsideration. See FED. R. CRIM. P. 37(a).

1

In denying Mr. Lee's motion for compassionate release, the Court considered the relevant legal standards as well as the applicable facts, including, inter alia, Mr. Lee's medical history, his extraordinarily serous offense conduct (i.e., he committed two murders), the BOP's steps to limit the spread of COVID-19 in its facilities, and the letters submitted on Mr. Lee's behalf regarding his rehabilitation.  (See dkt. no. 902 at 5-7.)  The Court concluded that: (1) Mr. Lee had "not demonstrated 'extraordinary and compelling' circumstances warranting release," (id. at 5), and (2) even if he had, the Court would not exercise its discretion to release him because doing so would contravene the § 3553(a) factors, (see id. at 6-7).

Although Mr. Lee clearly disagrees with the Court's conclusion regarding his motion, that disagreement does not merit reconsideration.  The Court of Appeals "has made clear that a motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple.'"  United States v. Lisi, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)  (quoting Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).  That is essentially what Mr. Lee's motion attempts to do.

Accordingly, Mr. Lee's motion for reconsideration [dkt. no. 907] is <u>DENIED</u>.  The Clerk of the Court shall mail a copy of this order to Mr. Lee.

**<u>SO ORDERED.</u>**

Dated:     August 2, 2021
           New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge